M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of assumpsit, for money had and received. Judgment was given against the defendant in the Court below, to reverse which, this writ of error was brought. Several errors have been assigned on a bill of exceptions taken at the trial. '
The first inquiry is, whether the points assign ed for error havq been saved. The bill states, the plaintiff proved the money had been received by the defendant, on the sale of land belonging to the estate of Daniel Clark, deceased, which sale the defendant had been authorized to make, by a power of attorney from Relf and Chew, executors of the said Daniel Clark, and attorneys in fact of Mary Clark, sole legatee and heir of said Clark.
This might all be, and yet they might have been joint devisees of land belonging to the estate of D. Clark, and so had a joint interest with Mary Clark ; or, the will might have given them power to sell one half of a tract of land to pay debts, and the other part might have been devised to Mary, or descended to her; and they might sell the land in that situation, or, each might have a third, and so sell the land; so that, for any thing appearing in the bill of exceptions, it would be going very far indeed, to say there was not testimony to support the action, though the money was received, as first staled by the bill of exceptions. There is nothing in the bill of exceptions, which shows the powers of attorney, given in evidence, were the same under which Hammond acted when he sold the land, and received money as stated in the first part of the bill. The plaintiff might, in making out his case, have shown others, for aught appears by this bill.
This judgment is, therefore, affirmed, with costs-